In its Opinion and Award, the majority denies compensation to the plaintiff. I respectfully dissent.
The plaintiff in this case sustained an admittedly compensable injury by accident on 16 August 2000. Subsequently, the plaintiff attempted to return to work with the defendant, but was turned away by defendant. Defendant refused to pay plaintiff temporary total disability compensation as the defendant also concurrently prevented plaintiff from returning to work. Having been rebuffed in his efforts to return to work, the plaintiff thereafter enrolled in a food service training program. In my opinion, a defendant should not be permitted to refuse work to a former employee (one released to return to work) and then use that plaintiff's "failure" to return to work against that plaintiff in obtaining permission from the Industrial Commission to withhold compensation benefits.
The employer in this case is a temporary service. Employees such as plaintiff report to defendant each day and are selected to be sent out to daily temporary jobs with contracting employers. Not every employee of such an employer is selected on any given day, however. An injured worker in this plaintiff's position who needs income and wants to return to work is faced with an impossible situation. In this case it is quite possible that the plaintiff was not sent out for daily jobs by defendant, even after being released to work by a doctor, because he had been injured on the job.
I see this as a fundamental unfairness and I must respectfully dissent.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER